# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANDREW ALEXANDER BROWN II,**

            **Petitioner,**

      v.                                                                   **CASE NO. 19-3251-SAC**

**STATE OF KANSAS,**

            **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

The case comes before the Court on petitioner Andrew Alexander Brown II's petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner proceeds pro se and seeks leave to proceed in forma pauperis. The Court finds that Petitioner has failed to exhaust his state remedies. The petition is therefore subject to dismissal.

**Background**

On January 9, 2014, Petitioner pled guilty in Wabaunsee County District Court to three counts of violating K.S.A. 21-5506(b)(1), aggravated indecent liberties with a child, intercourse with a child who is 14 or more years of age but less than 16 years of age. In February of 2014, he was sentenced to 24 months in prison, 36 months post-release supervision, and 15 years offender registration. Mr. Brown did not appeal his convictions.

Petitioner filed a motion to correct an illegal sentence with the sentencing court on May 28, 2019. Mr. Brown alleges his original sentence was altered in March of 2014, when he was not present in court, to lifetime post-release supervision and lifetime registration. He further disputes

that he pled to the charge of *aggravated* indecent liberties. Petitioner did not become aware of the altered sentence until just prior to filing his motion. After Petitioner filed his motion, it was discovered that all records, recordings, and transcripts of the case are missing. A hearing was held on September 9, 2019, and the judge continued the case indefinitely pending action by the defense.[1]

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Analysis**

A federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court. *See* 28 U.S.C. § 2254(b)(1). Exhaustion requires that a state prisoner give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see Pavatt v. Carpenter*, 928 F.3d 906, 923 (10th Cir. 2019). "A claim is exhausted only after it has been fairly presented to the state court." *Pavatt*, 928 F.3d at 923 (*quoting Simpson v. Carter*, 912 F.3d 542, 564 (10th Cir. 2018)). Petitioner bears the burden of showing exhaustion. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993).

It appears that Petitioner is currently in the process of presenting the issues he raises here to the state court. He must allow the Wabaunsee County District Court to rule, and then must, if necessary, appeal that ruling in the Kansas state courts. Mr. Brown has not "fairly presented" the

---

[1] Online records maintained by the Kansas district courts show that further action was taken after Mr. Brown filed his petition here, but it is unclear from those records what action the state court judge took. *See* Case No. 13-CR-0116, Wabaunsee County District Court; www.kansas.gov/countyCourts/search/records.

claims he raises here to the Kansas state courts and therefore has not exhausted his claims in state court as required by 28 U.S.C. § 2254(b)(1).

Consequently, the Court directs Petitioner to show cause why this action should not be summarily dismissed without prejudice for failure to exhaust his state remedies.

**Motion to proceed in forma pauperis (ECF No. 2)**

The Court finds Petitioner lacks the financial resources to pay the costs of this action and grants the motion. *See* D. Kan. R. 9.1(g) (governing in forma pauperis applications in prisoner actions).

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **February 7, 2020**, to show cause why this matter should not be dismissed as barred by the exhaustion requirement. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

**IT IS SO ORDERED.**

DATED: This 7th day of January, 2020, at Topeka, Kansas.

                              s/ Sam A. Crow
                              **SAM A. CROW**
                              **U.S. Senior District Judge**