IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW ALEXANDER BROWN II,

                Petitioner,

    v.                                          CASE NO. 19-3251-SAC

STATE OF KANSAS,

                Respondent.

### NOTICE AND ORDER TO SHOW CAUSE

      This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. (ECF Doc. 1.) Petitioner is a pretrial detainee being held at the Sedgwick County Detention Center in Wichita, Kansas, and he proceeds pro se. On January 7, 2019, this Court directed Petitioner to show cause why this matter should not be summarily dismissed as barred by the exhaustion requirement. Petitioner has filed a response to the show cause order (ECF No. 4).

**Background**

      On January 9, 2014, Petitioner pled no contest in Wabaunsee County District Court to three counts of violating K.S.A. 21-5506(b)(1), aggravated indecent liberties with a child, intercourse with a child who is 14 or more years of age but less than 16 years of age. In February of 2014, he was sentenced to 24 months in prison, 36 months post-release supervision, and 15 years offender registration. Mr. Brown did not appeal his convictions.

      Petitioner filed a motion to correct an illegal sentence with the sentencing court on May 28, 2019. Mr. Brown alleges his original sentence was altered in March of 2014, when he was

not present in court, to lifetime post-release supervision and lifetime registration. He further disputes that he pled to the charge of *aggravated* indecent liberties. Petitioner did not become aware of the altered sentence until just prior to filing his motion. After Petitioner filed his motion, it was discovered that all records, recordings, and transcripts of the case are missing. A hearing was held on September 9, 2019, and the judge continued the case indefinitely pending action by the defense.[1] Petitioner then filed a motion to revisit the motion to correct sentence, a motion to modify plea agreement, a motion to withdraw plea, and a motion to enforce original sentence. After a hearing on December 16, 2019, according to Petitioner, one or all of his motions were granted. *See* Case No. 2013-CR-0116, Wabaunsee County District Court; www.kansas.gov/countyCourts/search/records.

Petitioner completed the confinement portion of that sentence in 2015. He is now being held on a separate charge of failing to register under the Kansas Offender Registration Act, 2nd offense. In the interim, he pled guilty to a first violation of KORA and was incarcerated from approximately July of 2016 to March of 2019. *See* Case No. 2016-CR-001117, Sedgwick County District Court.

**Petition**

Mr. Brown states he is challenging his conviction in Wabaunsee County Case No. 2013 CR-0116. He asks that the Court "vacate and set aside the judgment and release" him. ECF No. 1, at 13. He raises the following grounds: (1) he was not present for or given notice of the resentencing; (2) he was sentenced illegally in that he "was not made aware" the crime he plead to

---

[1] Online records maintained by the Kansas district courts show that further action was taken after Mr. Brown filed his petition here, but it is unclear from those records what action the state court judge took. *See* Case No. 13-CR-0116, Wabaunsee County District Court; www.kansas.gov/countyCourts/search/records.

had a mandatory sentence of parole and lifetime registration; (3) he did not commit an aggravated offense; and (4) the original records of his case are lost, and there is no signed plea agreement.

**Petitioner's Response to the Show Cause Order**

Mr. Brown's response to the show cause order states that he received a hearing on his motion to correct illegal sentence, and the district court ruled in his favor, imposing the original sentence. ECF No. 4, at 1. As a result, there was no reason or grounds to appeal his motion. *Id*., at 2.

Petitioner further states that he "missed" the chance to appeal his case as a whole "due to the Petitioner finding out that his laws and rights were violated more than 4 years later." *Id*.

**Analysis**

At the time Petitioner filed his habeas action in this Court, he was pursuing a motion to correct his sentence in Case No. 13-CR-00116. There had been one hearing, the records of his case were missing, and the judge had continued the case indefinitely. Mr. Brown stated in his petition that he was "unsure of what else to do." ECF No. 1, at 6. Since that time, he had another hearing and reports that his motion was granted. Because Mr. Brown received relief in the state district court, it appears his petition here is moot.

Consequently, the Court directs Petitioner to show cause why this action should not be dismissed without prejudice as moot.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **July 20, 2020**, to show cause why this matter should not be dismissed as moot. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

**DATED:  This 19th day of June, 2020, at Topeka, Kansas.**

                                              **s/ Sam A. Crow**
                                              **SAM A. CROW**
                                              **U.S. Senior District Judge**